IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EDWARD TERRELL LOTT, | X | |
| Petitioner, | X | |
| vs. | X | No. 03-2056-Ma/V |
| RANDY J. DAVIS, | X | |
| Respondent. | X | |

ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)

Petitioner Edward Terrell Lott, Bureau of Prisons inmate registration number 15535-076, an inmate at the Federal Correctional Institution in Memphis, filed a habeas petition pursuant to 28 U.S.C. § 2241, along with a supporting memorandum, on January 27, 2003. Lott filed a letter memorandum in further support of his petition on July 8, 2003. This Court issued an order on August 26, 2003 that granted leave to proceed in forma pauperis, denied the petition, and certified that an appeal would not be taken in good faith. Judgment was entered on August 28, 2003. The United States Court of Appeals for the Sixth Circuit affirmed. Lott v. Davis, 105 Fed. Appx. 13 (6th Cir. June 18, 2004), cert. denied, 125 S. Ct. 1103 (2005).

On August 3, 2005, Lott filed a motion to reopen this case pursuant to Fed. R. Civ. P. 60(b)(6). Lott filed supplemental authority in further support of his motion on September 23, 2005.

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

2

Although Lott relies on Rule 60(b)(6), the Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Olle, 910 F.2d at 365; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity _mandate_ relief." Olle, 910 F.2d at 365.

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

In this case, Lott does not present any reason why the judgment in his case was contrary to law. Instead, he presents additional argument in support of claims that were raised in his original petition. The Court's decision denying the petition has been affirmed and, therefore, this case is concluded. As Lott is not entitled to habeas relief on any of the issues raised in his original petition, no useful purpose would be served by addressing in detail the substance of his most recent arguments.

3

Accordingly, the Court DENIES the motion pursuant to Fed. R. Civ. P. 60(b)(6).

IT IS SO ORDERED this 29th day of November, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:03-CV-02056 was distributed by fax, mail, or direct printing on November 30, 2005 to the parties listed.

---

Edward Terrell Lott
FCI-MEMPHIS
P.O. Box 34550
Memphis, TN 38184

Honorable Samuel Mays
US DISTRICT COURT